TIBBITTS v. LACY.    (No. 8391.)

(Court of Civil Appeals of Texas. Dallas. Oct. 30, 1920.)

Landlord and tenant ⬅︎291(18)—No appeal in forcible detainer, except where judgment awards damages in excess of $100.

Under the direct provisions of Vernon's Sayles' Ann. Civ. St. 1914, art. 3962, there can be no appeal by plaintiff from an adverse judgment of the county court in an action of forcible entry and detainer, where there was no · judgment for damages for either party; the judgment of the county court being conclusive, unless damages in excess of $100 are awarded.

Appeal from Grayson County Court; Dayton B. Steed, Judge.

Action by Caroline Tibbitts against Birdie Russell Lacy, begun in justice court, and appealed by defendant to the county court. From a judgment there for defendant, plaintiff appeals. Appeal dismissed.

Wood, Jones & Hassell, of Sherman, for appellant.

Hamp P. Abney, of Sherman, for appellee.

TALBOT, J. The appellant brought an action of forcible entry and detainer against appellee. From a judgment in favor of the appellant in the justice court, appellee appealed to the county court. The case was tried in the county court. The trial resulted in a judgment in favor of the appellee, and appellant has attempted to appeal to this court.

The judgment in the county court merely adjudged appellee not guilty of forcible de-

tainer, and awarding her the occupancy of the premises for the rental year beginning March 15, 1919, and ending March 14, 1920. There was no judgment for damages for either party in the county court. In view of article 3962, Vernon's Sayles' Civil Statutes, appellee suggests that this court cannot entertain the appeal and review the judgment. The statute referred· to is to the effect that after a trial of forcible entry ·and detainer suit in the county court upon its merits, the judgment of that court, finally disposing of the case, shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding $100. As pointed out above, there was no such judgment in this case, and by express terms of the statute no appeal to this court is allowed. Yarbrough v. Jenkins, 3 Willson, Civ.·Cas. Ct. App. § 464; Stein v. Stely, 32 S. W. 861; Lane v. Jack, 25 Tex. Civ. App. 496, 61 S. W. 422; Delgado v. Chapa, 173 S. W. 1169.·

The appeal is dismissed.